[Opinion delivered March 13, 1886.]

[No. 2056.]

## Wiley Anderson *v.* The State.

Knowingly Passing a Forged Instrument.— An instrument which cannot be made the basis of a prosecution for forgery cannot be made the basis of a prosecution for uttering it, knowing it to be forged.   Note the opinion for approval of *Anderson* v. *The State, ante*, p. 595.

Appeal from the District Court of Rusk.   Tried below before H. L. Stone, Esq., Special Judge.

The conviction in this case was for uttering as true, knowing it to be forged, the written instrument for the forgery of which the appellant was convicted in the preceding case of *Anderson* v. *The State*, p. 595.   The evidence upon this trial was substantially the same as that adduced in the previous case.

*Wood & Arnold,* for the appellant.

*J. H. Burts,* Assistant Attorney-General, for the State.

WILLSON, JUDGE.　This conviction is for knowingly passing as true, an alleged forged instrument in writing.　The instrument is the same as the one set forth in the indictment in cause No. 2057, *Wiley Anderson* v. *The State,* in which case the defendant was convicted for the forgery of said instrument.　In that case we held that said instrument was not the subject of forgery, and we refer to the opinion delivered therein for our views upon that subject.

The instrument not being such that an indictment could be predicated upon it, of course an indictment cannot be maintained for the offense of knowingly passing a forged instrument, and therefore, as the indictment upon its face shows that the defendant did not commit and could not, by the acts alleged, have committed, the offense of which he has been convicted, the judgment must be set aside and the prosecution dismissed.

It may be that the acts committed by the defendant would constitute the offense of swindling.　If so, a prosecution for that offense might be maintained.

　　　　　　　　　　　　　　　　　　　*Reversed and dismissed.*